UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNATHON WATKINS,<br><br>Plaintiff,<br><br>vs.<br><br>SMITHFIELD PACKAGED MEATS CORP.; BEEKAM; DUSAN,<br><br>Defendants. | 4:23-CV-04043-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

Plaintiff, Johnathon Watkins, filed a pro se lawsuit against his former employer and two former co-workers. Docket 1. Watkins moves for leave to proceed in forma pauperis and included a financial affidavit. Docket 2. Watkins also moves for appointment of counsel. Docket 3.

I.   **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen.*

*Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Watkins's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. *See* Docket 2. Thus, Watkins's motion for leave to proceed in forma pauperis (Docket 2) is granted.

## II.     1915 Screening

### A.     Factual Background

The facts alleged in Watkins's complaint are: when he was employed at Smithfield Packaged Meats Corp. (Smithfield), his "training individual Beekam and his co-worker Dusan[]" approached him on various occasions with sexual questions, statements, and actions. Docket 1 at 1. Beekam asked Watkins if he was gay two times. *Id.* at 3. While going to break, Beekam put his arm around Watkins and made an inappropriate comment. *Id.* Dusan winked at Watkins daily. *Id.* While Watkins was using a one-person restroom, Beekam and Dusan forced their way in, and Beekam "pulled his private area out." *Id.* at 1, 3.

Watkins alleges that he reported Beekam's and Dusan's actions to human resources three times, but human resources accepted their behavior. *Id.* at 4. Human resources informed Watkins that he did not have the right to move to another department. *Id.* at 1. After making a report to human resources, Beekam attempted to cause a forklift accident. *Id.* at 3. Another co-worker, who was Beekam's friend, threatened Watkins after Watkins reported Beekam's and Dusan's actions to human resources. *Id.* at 1. Watkins contends that Beekam's and Dusan's actions "forced [him] out," but it is not clear from

the complaint whether Watkins resigned or was terminated.[1] *Id.* at 4. Watkins requests that the court review a video of Beekam's and Dusan's actions, which is not part of the record, and seeks reimbursement of his wages from Smithfield. *Id.* at 3.

### B.   Legal Background

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Pro se and civil rights complaints must be liberally construed. *Id.* (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 35 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v*

---

[1] In his Civil Cover Sheet, Watkins described his cause of action as sexual harassment and false firing. Docket 1 at 5.

*City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Id.* (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008 ) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recover under some viable legal theory) (citing *Twombly*, 550 U.S. at 553-63)). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).  The court will now assess Watkins's complaint under 28 U.S.C. § 1915.

### C. Legal Analysis

Construing Watkins's complaint liberally, he brings claims for sexual harassment, retaliation, and constructive discharge. Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against employees with respect to their compensation, terms, conditions, or privileges of employment because of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Discriminatory conduct which creates a hostile working environment can violate Title VII. *Hall v. Gus Constr. Co.*, 842 F.2d 1010, 1013 (8th Cir. 1988) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 577, 66–67 (1986)). To state a claim based on a hostile working environment under Title VII, a plaintiff must show: (1) he or she belongs to a protected group; (2) he or she was subject to unwelcome harassment; (3) a causal nexus between the harassment and the plaintiff's membership in the protected group; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 550 (8th Cir. 2007) (citation omitted); *McCown v. St. John's Health Sys., Inc.*, 349 F.3d 540, 542 (8th Cir. 2003) (citation omitted). Title VII prohibits an employer from retaliating against any employee who complains of sexual harassment in the workplace. *Sellars v. CRST Expedited, Inc.*, 13 F.4th 681, 691 (8th Cir. 2021) (citing 42 U.S.C. § 2000e-3(a); *Meritor*, 477 U.S. at 63–68). Title VII also encompasses employer liability for constructive discharge. *Bell v. Baptist Health*, 60 F.4th 1198, 1203 (8th Cir. 2023) (citing *Penn. State Police v. Suders*,

542 U.S. 129, 143 (2004)). To establish a claim for constructive discharge, a plaintiff must show that a reasonable person in his or her situation would find the working conditions intolerable, and the employer intended to force the plaintiff to quit. *Id.* (citing *Rester v. Stephens Media, LLC,* 739 F.3d 1127, 1132 (8th Cir. 2014)).

In this case, it is not necessary for the court to analyze whether Watkins's allegations are sufficient to state a Title VII claim against Smithfield. Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018) (citation omitted). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017) (citation omitted). Watkins's complaint does not allege that he timely filed a charge of discrimination or received a notice of the right to sue. *See* Docket 1. Thus, the complaint fails to state a claim upon which relief can be granted and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Brooks v. Midwest Heart Group,* 655 F.3d 796, 801 (8th Cir. 2011) (affirming dismissal of an unexhausted Title VII claim for failure to state a claim upon which relief can be granted).

Watkins's complaint asserts Title VII claims against defendants Beekam and Dusan, Watkins's "training individual . . . and his co-worker[.]" Docket 1 at 1. But Title VII does not impose liability on individuals. *See Powell v. Yellow*

*Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers."). The Eighth Circuit has held that "supervisors and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995). Even if Watkins had exhausted his administrative remedies, his Title VII claim against defendants Beekam and Dusan fail to state a claim upon which relief can be granted.

Thus, it is ORDERED:

1. That Watkins's motion to proceed in forma pauperis (Docket 2) is granted.

2. That Watkins's complaint (Docket 1) against Smithfield is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. That Watkins's complaint (Docket 1) against Beekam and Dusan is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. That Watkins's motion for appointment of counsel (Docket 3) is denied as moot.

Dated June 20, 2023.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE

.